IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOANNA FIGUEROA GARCIA, et al.,

                Plaintiff,        Case No. 3:07 oe 40135

    -vs-

                                  MEMORANDUM OPINION

JOHNSON & JOHNSON, et al.,

                Defendant.

KATZ, J.

This matter is before the Court on Defendants' motion for partial judgment on all claims by Donovan Iziarry-Garcia and Plaintiff's response thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

*A. Fed. R. Civ. P. 12(c)*

On a motion for judgment on the pleadings, all well-pleaded allegations of the non-moving party must be taken as true. *United States v. Moriarty,* 8 F.3d 329, 332 (6th Cir. 1993) citing *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 479 F.2d 478, 480 (6th Cir. 1973). In contrast, all allegations of the moving party which have been denied by the non-moving party must be taken as false. Judgment is granted only where there is no material issue of fact involved and the moving party is entitled to judgment as a matter of law. *Paskavan v. City of Cleveland Civil Service Comm'n,* 946 F.2d 1233, 1235 (6th Cir. 1991).

*B. Discussion*

It is the Defendants' position that Plaintiff Donovan Figueroa-Garcia's claims are without a basis in law as he was conceived and born after Plaintiff Joanna Figueroa-Garcia suffered a stroke which is the injury from which she seeks recompense from Defendants.

Under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. §5141:

El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización.

Stated differently, this means, "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." *Rivera Concepcion v. Pepsi Cola of Puerto Rico*, 288 F. Supp.2d 167, 170 (D.P.R. 2003).

Defendants present the allegations of facts by Plaintiffs which include the following: (1) Joanna was prescribed ORTHO EVRA® and began using the product in October 2005; (2) Joanna married Irizarry on October 15, 2005; (3) Joanna suffered a stroke on October 24, 2005; and (4) Donovan, their son, was born on September 26, 2006.  The Plaintiffs do not challenge the accuracy of this chronology for purposes of this motion.

Puerto Rican law defines a person to mean a "being or entity capable of rights and obligations," with those rights vesting at the birth of the person.  The only exception to this general rule applies to the *"nascirurus*, also known as the conceived yet not born child ('concebido de nacido')." *Id.*

In this instance, the mother suffered her stroke approximately eleven months prior to Donovan's birth.  At the time of this incident, Donovan was yet unborn and not yet conceived.  As Donovan was not a "person" at the time of the injury under the law of Puerto Rico,  he is unable to make a viable claim for relief.

Based upon the foregoing, the Court finds that Defendants are entitled to judgment as a matter of law on the claims asserted by Donovan.

2

**CONCLUSION**

For the reasons stated above, Defendants' motion for partial judgment on the pleadings (Doc. No. 6) is granted. The claims of Donovan Irizarry-Garcia are hereby dismissed.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE